UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
QIYUAN SHI

                              Plaintiff,

- against -

ANDREW ASENSO GYAMERA;
CYNTHIA A. STEWART;
GASANDY VENTURES LLC;
CARS BY CYNTHIA L.L.C.; and
JOHN DOE, a/k/a JOHN BARON ROYAL

                              Defendants.
-----------------------------------------------------------------X

Case #: ____-CV-_____

**VERIFIED COMPLAINT**

Plaintiff, QIYUAN SHI, by his attorneys, Pierce & Kwok LLP, complaining of the Defendants, alleges as follows:

## NATURE OF THE ACTION

This is an action for breach of contract, intentional misrepresentation, fraudulent concealment, negligent misrepresentation, unjust enrichment, conversion, conspiracy, joint venturers, agency, joint and several liability, piercing the corporate veil, and declaratory judgment, specific performance, and damages arising from Defendants' failure to deliver two (2) agreed-upon prepaid cars—a new 2015 Mercedes Benz GL450, VIN 4JGDF6EE2FA563413 (hereinafter referred to as the "Mercedes") and a new 2015 Land Rover Range Rover, VIN SALGS2VFXFA207203 (hereinafter referred to as the "Land Rover") pursuant to the agreement between Plaintiff and Defendants in March 2015.

1

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff QIYUAN SHI (hereinafter "Plaintiff") has been a person of full age, and resided and still resides at 143-26 41st Avenue, Flushing, NY 11355.

2. At all times hereinafter mentioned, upon information and belief, Defendant ANDREW ASENSO GYAMERA (hereinafter "Defendant GYAMERA") has been a person of full age; is a 100% sole member and the President of the GASANDY VENTURES LLC; is an agent, business partner, and joint venture of/with CYNTHIA A. STEWART, CARS BY CYNTHIA L.L.C., and JOHN DOE, a/k/a JOHN BARON ROYAL; and resided and still resides at 20157 Mare Terrace, Ashburn, VA 20147.

3. At all times hereinafter mentioned, upon information and belief, Defendant CYNTHIA A. STEWART (hereinafter "Defendant STEWART") has been a person of full age, is a 100% sole member of CARS BY CYNTHIA L.L.C.; is an agent, business partner, and joint venturer of/with Defendant GYAMERA, GASANDY VENTURES LLC, and JOHN DOE, a/k/a JOHN BARON ROYAL; and has a business location at 2255 Glades Road, Suite 324, Boca Raton, FL 33431.

4. At all times hereinafter mentioned, upon information and belief, Defendant GASANDY VENTURES LLC, (hereinafter "Defendant GASANDY LLC") is a domestic limited liability company duly licensed in the State of Virginia, with its office located at 20157 Mare Terrace, Ashburn, VA 20147; and an agent, business partner, and joint venture of/with all other defendants.

5. At all times hereinafter mentioned, upon information and belief, Defendant CARS BY CYNTHIA L.L.C. (hereinafter "Defendant CYNTHIA LLC") is a domestic liability

company duly licensed in the State of Florida, with its office located at 2255 Glades Road, Suite 324, Boca Raton, FL 33431; and an agent, business partner, and joint venture of/with all other defendants.

6.      At all times hereinafter mentioned, upon information and belief, Defendant JOHN DOE, a/k/a JOHN BARON ROYAL has been a person of full age; is an agent, business partner, and joint venturer of/with Defendant GYAMERA, Defendant STEWART, Defendant GASANDY LLC, and Defendant CYNTHIA LLC; and resided and still resides at 19808 Rothschild Court, Ashburn, VA 20147.

## JURISDICTION AND VENUE

7.      Plaintiff brings his complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

8.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 because the Plaintiff is domiciled in a different state than the Defendants. Additionally, the Plaintiff is seeking over $75,000 in damages.

9.      This Court has personal jurisdiction over each Defendant, because each Defendant transacted business in this District; had substantial contacts in this District; and/or committed overt acts in furtherance of the illegal scheme and conspiracy in this District. In addition, the conspiracy was directed at, and had the intended effect of, causing injury to persons residing in, located in, or doing business throughout the United States, including in this District, and Plaintiff's claims arise out of Defendants' conduct.

10.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b), (c), (d) because all Defendants transacted business, were found, or had agents in this District; a substantial part of

the events or omissions giving rise to these claims occurred in this District; and a substantial portion of the affected interstate trade and commerce discussed herein has been carried out in this District.

## FACTS

11. On or about July 2014, while searching for cars online at www.cars.com, Plaintiff discovered Jaguar-Land Rover of Chantilly--a car dealer located in the Commonwealth of Virginia. Plaintiff responded to Jaguar-Land Rover of Chantilly's advertisement via telephone and spoke with Defendant GYAMERA, who worked for the car dealer at the time. Shortly after their telephone conversation, Plaintiff met Defendant GYAMERA at the Jaguar-Land Rover of Chantilly.

12. On or about November 2014, Defendant GYAMERA personally introduced Plaintiff to Defendant ROYAL. Plaintiff met with Defendant GYAMERA and Defendant ROYAL at Defendant ROYAL's home office located in Virginia. During their meeting, Defendant GYAMERA represented the following to Plaintiff:

- Defendant ROYAL is a large car broker on the east coast; and
- Defendant ROYAL buys and sells many cars in the U.S. for resale (45 to 60 cars per year)

13. At the same meeting, Defendant ROYAL:

- Showed Plaintiff approximately tens of cars' titles that Defendant ROYAL had previously purchased; and
- Defendant ROYAL's TD Bank statements reflecting approximately a $2 million balance; and

- Represented to Plaintiff that his home (where Defendant ROYAL's office was located) was worth $1+ million USD.

13. On or around early March 2015, Plaintiff called Defendant GYAMERA and expressed his interest in purchasing two (2) cars from Defendant ROYAL --a new 2015 Mercedes GL450 and a new 2015 Land Rover Range Rover. During the phone call, Defendant GYAMERA stated that Defendant ROYAL had these two cars available and emailed a picture of the cars' window stickers to allow Plaintiff to confirm features, price and VIN of each vehicle. Specifically, Defendant GYAMERA told Plaintiff the following:

- The Mercedes's purchase price was approximately $87,000, VIN # 4JGDF6EE2 FA563413;
- The Land Rover's purchase price was approximately $125,000, VIN # SALGS2VFXFA207203.

Plaintiff orally confirmed to Defendant GYAMERA that he would purchase the vehicles, pictures of which were emailed to Plaintiff, for the agreed to purchase price (hereinafter "March 2015 Oral Agreement").

14. A few days later, Plaintiff and Defendant GYAMERA spoke on the telephone and orally agreed that Defendant GYAMERA shall receive a $1,500 commission for each car that Plaintiff purchased ("hereinafter "Commission Agreement"). Said Commission was to be paid to Defendant GYAMERA by Plaintiff upon receipt of the vehicles.

15. Upon information and belief, at the time Defendant GYAMERA and Plaintiff made the March 2015 Oral Agreement, Defendant ROYAL had already sold the Land Rover. Upon information and belief, Defendant ROYAL sold the Land Rover on or about January 26,

5

2015, to a third party. Upon information and belief, Defendant GYAMERA knew that the Land Rover had already been sold, yet represented to Plaintiff that it was still available for sale.

16. On or around March 19, 2015, Plaintiff wired $87,035.00 to Defendant GASANDY LLC's bank account (pursuant to Defendant GYAMERA's instruction) for purchase of the Mercedes. Plaintiff made this payment via Domestic Wire Transfer from a TD Bank located in Flushing, New York. Upon information and belief, Defendant GASANDY LLC (pursuant to Defendant GYAMERA's instruction) wired $85,600 to the bank account designated by Defendant ROYAL and held by Defendant CYNTHIA LLC. Upon information and belief, Defendant GASANDY LLC wired/gave the remaining $1,435 to Defendant GYAMERA as and for his commission for selling the Mercedes.

17. On or around March 20, 2015, Plaintiff wired $125,040.00 to Defendant GASANDY LLC's bank account (pursuant to Defendant GYAMERA's instruction) for purchase of the Land Rover. Plaintiff made this payment via Domestic Wire Transfer from a TD Bank located in Flushing, New York. Upon information and belief, Defendant GASANDY LLC (pursuant to Defendant GYAMERA's instruction) wired $120,000 to the bank account designated by Defendant ROYAL and held by Defendant CYNTHIA LLC. Upon information and belief, Defendant GASANDY LLC via wire paid the remaining $5,040.00 balance to Defendant GYAMERA as and for his commission for selling the Land Rover.

18. Defendant GYAMERA told Plaintiff that as soon he is in receipt of the wire transfers into Defendant GASANDY LLC's bank account, Defendant GYAMERA and Defendant GASANDY LLC's would wire $212,000 (the total sale price for the vehicles) to the bank account designated by Defendant ROYAL and held by Defendant CYNTHIA LLC for the purchase of the vehicles.

19. After completing the wire transfers, Plaintiff asked Defendant GYAMERA when the new cars would be delivered. Despite repeated inquiries, Defendant GYAMERA never gave Plaintiff a definite date, time and place for the delivery.

20. On or about March 31, 2015, Plaintiff and Defendant GYAMERA went to Defendant ROYAL's home office in Virginia to inquire about the status of the vehicles. When they arrived, Plaintiff and Defendant GYAMERA witnessed Defendant ROYAL moving from his home. Upon information and belief, Defendant ROYAL was fleeing from his home in Virginia. While at Defendant ROYAL's home, Defendant GYAMERA asked Defendant ROYAL what date, time, and place Plaintiff's vehicles would be delivered. Defendant ROYAL replied that the cars would be delivered to the Plaintiff on the following day—April 1, 2015 (hereinafter the "March 31, 2015 Representation").

21. On or about April 1, 2015, no vehicles were delivered to the Plaintiff as promised by Defendant ROYAL.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

21. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 20 as if fully set forth herein.

22. On or around March 20, 2015, Plaintiff wired a total of $212,035.00 to the Defendants in full performance of and pursuant to the parties' March 2015 Agreement and Commission Agreement.

23. Defendants intentionally breached the March 2015 Agreement by failing to deliver the purchased vehicles to Plaintiff on April 1, 2015.

7

24. By reason of Defendants' breach and Plaintiff's full performance under the March 2015 Oral Agreement and Commission Agreement, Plaintiff has suffered damages in the amount of at least $212,035.00.

## SECOND CAUSE OF ACTION
### (Intentional Misrepresentation/ Fraud)

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 as if fully set forth herein.

26. On or around Early March 2015 Oral Agreement, Defendants GYAMERA and ROYAL represented to Plaintiff that the Mercedes and Land Rover were available for sale. Defendants GYAMERA and ROYAL made this representation despite the fact that the Land Rover had been previously sold to a third party in January 2015.

27. Defendants GYAMERA and ROYAL knowingly made a false statement about the availability of the Land Rover.

28. Defendants GYAMERA and ROYAL intended Plaintiff to rely on the statement that the two cars were available for purchase.

29. Plaintiff reasonably relied on Defendants GYAMERA and ROYAL's statements that two vehicles were available for purchase. Defendants GYAMERA and ROYAL sent pictures of the actual vehicles, window stickers and VIN numbers to Plaintiff in order to substantiate their statements. It was Plaintiff's reasonable belief that the vehicles were available for purchase.

30. As a proximate and direct result of Plaintiff's reasonable reliance on Defendants GYAMERA and ROYAL's statements, Plaintiff suffered monetary damages of at least $212,035.00 actual pecuniary loss and lost opportunity, the quantum of which will be proved at trial.

8

## THIRD CAUSE OF ACTION
### (Fraudulent Concealment)

31.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 as if fully set forth herein.

32.     Defendants GYAMERA and ROYAL made partial and/or ambiguous statements when they represented that the two vehicles were available for Plaintiff to purchase. Defendants GYAMERA and ROYAL had a duty to disclose to Plaintiff that the two cars were not available for sale.  Upon having or learning this information, because the parties stood in a fiduciary or confidential relationship with each other, and/or because Defendants GYAMERA and ROYAL's possessed superior knowledge, not readily available to Plaintiff and knew that Plaintiff was acting on the basis of mistaken knowledge.

33.     On or around Early March 2015—when Defendants GYAMERA and ROYAL first told Plaintiff that the vehicles were available for purchase— Defendants GYAMERA and ROYAL's knew that at least one of the vehicles was not available for Plaintiff to purchase.

34.     Defendants GYAMERA and ROYAL failed to rectify their statements that at least one of the vehicles was no longer available for Plaintiff to purchase.

35.     Defendants GYAMERA and ROYAL accepted Plaintiff's payments in the amount of $212,035.00 to purchase both vehicles despite Defendants GYAMERA and ROYAL knowledge that at least one of the vehicles had previously been sold to a third party.

35.     Plaintiff reasonably and justifiably relied on Defendants GYAMERA and ROYAL's false statements that two cars were available and had no knowledge or reason to believe that the cars were unavailable.

36.     As a proximate and direct result of Plaintiff's reasonable reliance on Defendants GYAMERA and ROYAL's statement, Plaintiff suffered monetary damages of at least

$212,035.00 actual pecuniary loss and lost opportunity, the quantum of which will be proved at trial.

## FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation)

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 as if fully set forth herein.

38. Defendants GYAMERA and ROYAL failure to deliver the two vehicles to Plaintiff pursuant to the March 2015 Oral Agreement and Plaintiff's subsequent payment of $212,035.00 constitutes negligent misrepresentation.

39. Defendants GYAMERA and ROYAL consciously and knowingly made the representations to Plaintiff pursuant to the March 2015 Oral Agreement.

40. Plaintiff reasonably and justifiably relied upon Defendants GYAMERA and ROYAL's representations, and was deceived by Defendants GYAMERA and ROYAL about the availability the cars.

41. Upon information and belief, Defendants GYAMERA and ROYAL had already sold, resold, or never owned the two vehicles that they eventually sold to Plaintiff to Plaintiff's detriment.

42. As a proximate and direct result Defendants GYAMERA and ROYAL's failure to deliver the vehicles to Plaintiff pursuant to the March 2015 Oral Agreement, Plaintiff was financially harmed, suffering a substantial amount of monetary damages of at least $212,035.00 and lost opportunity, the quantum of which will be proved at trial.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

43. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 42 as if fully set forth herein.

44. Defendants GYAMERA and ROYAL retained and enjoyed all of the benefits of Plaintiff's prepayments for the two vehicles without first or subsequently delivering said vehicles to Plaintiff. As a result, Defendants GYAMERA and ROYAL were unjust enriched. As such, Defendants GYAMERA and ROYAL should and must disgorge the entire $212,035.00 received from Plaintiff.

### SIXTH CAUSE OF ACTION
(Conversion)

45. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 44 as if fully set forth herein.

46. Defendants GYAMERA and ROYAL intentionally and wrongfully acquired, transferred, and/or detained Plaintiff's payments in the total amount of $212,035.00 for two vehicles which were never delivered to Plaintiff.

47. As a proximate and direct result of Defendants GYAMERA and ROYAL's intentional and wrongful acts, Plaintiff was financially harmed, suffering monetary damages of at least $212,035.00, lost opportunity and lost profits, the quantum of which will be proved at trial.

### SEVENTH CAUSE OF ACTION
(Conspiracy)

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47 as if fully set forth herein.

49. Upon information and belief, in or about early March 2015, Defendants GYAMERA and ROYAL reached a separate agreement to share the proceeds derived under the guise of a purported sale of two vehicles to Plaintiff for $212,035.00. Upon information and

11

belief, Defendants GYAMERA and ROYAL agreed to knowingly defraud and deceive Plaintiff without Plaintiff's knowledge and/or consent and to Plaintiff's detriment.

## EIGHTH CAUSE OF ACTION
### (Partnership and Joint Venturers)

50. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 49 as if fully set forth herein.

51. Upon information and belief, in or about early March 2015, Defendants reached a separate oral agreement to be partners and/or joint venturers in a car sales scheme. Defendants Upon information and belief, GYAMERA and ROYAL worked together to fraudulently "sell" Plaintiff two vehicles.

52. Upon information and belief, in or about early March 2015, Defendants became partners and joint venturers by virtue of their conduct:

- Defendant GYAMERA individually represented to Plaintiff that the two vehicles were available for purchase from Defendant ROYAL;

- Defendants GYAMERA and ROYAL defrauded and deceived Plaintiff without Plaintiff's knowledge and consent to Plaintiff's detriment. Defendants GYAMERA and ROYAL "selling" two vehicles to Plaintiffs that Defendants GYAMERA and ROYAL knew were not available for purchase; and/or

- Defendants GYAMERA and ROYAL shared in Plaintiff's prepaid proceeds for the purported sale of the two cars, etc.

## NINTH CAUSE OF ACTION
### (Agency)

53. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

54. Upon information and belief, in or about early March 2015, Defendants GYAMERA and ROYAL reached a separate oral agreement to be one another's agent in the business transaction in connection with Plaintiff's car purchase.

55. Upon information and belief, in or about early March 2015, Defendants GYAMERA and ROYAL consented to be one another's agent by virtue of having shared in the proceeds derived from Plaintiff under the guise of selling two vehicles, having defrauded and deceived Plaintiff without Plaintiff's knowledge and consent to Plaintiff's detriment knowing that at least one of the vehicles was not available, and/or having kept silent from Plaintiff about the unavailability even though Defendants had the knowledge.

56. Upon information and belief, in or about early March 2015, Defendants GYAMERA and ROYAL, directly or indirectly, held out one another as his/her/its agent as possessing certain authority thereby inducing reasonable reliance by Plaintiff on that authority.

### TENTH CAUSE OF ACTION
(Joint and Several Liability)

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 56 as if fully set forth herein.

58. Because Defendants GYAMERA and ROYAL's combined acts caused an indivisible injury upon/against Plaintiff, each Defendant is jointly and severally liable for Plaintiff's entire damages of at least $212,035.00.

### ELEVENTH CAUSE OF ACTION
(Pierce Corporate Veil)

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 as if fully set forth herein.

13

60. Defendant GYAMERA and Defendant STEWART have dominated the Defendant GASANDY LLC and Defendant CYNTHIA LLC, respectively, by the virtue of his/her role, capacity, ownership interest, and/or position as the President of in each of the said companies to the extent that she/he exercised control and dominion of the daily business affairs, accounting, finance, operation, and management of these two companies, so that each of these is not a distinct entity.

61. Defendants GYAMERA and STEWART are alter-egos of Defendant GASANDY LLC and Defendant CYNTHIA LLC, respectively, which are being used by Defendants GYAMERA and t STEWART respectively to commit the following:

- Fraud/intentional misrepresentation,
- Fraudulent concealment,
- Negligent misrepresentation,
- Unjust enrichment to himself/herself,
- Conversion of the cars prepaid by Plaintiff,
- Conversion of advance payments made by Plaintiff, and
- All other acts mentioned above in this Complaint.

62. The corporate veil should be pierced and the court should hold both Defendants GYAMERA and STEWART personally liable for the damages caused to Plaintiff in the amount of at least of $212,035.00.

**TWELFTH CAUSE OF ACTION**
**(Declaratory Judgment That Defendants Breached Both The March 2015 Oral Agreement And Commission Agreement and That Plaintiff Is The Rightful Owner Of The Two Specific Agreed-Upon Cars.)**

63. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 62 as if fully set forth herein.

64. Defendants intentionally breached the March 2015 Agreement and Commission Agreement by having failed to deliver Plaintiff's prepaid agreed-upon cars pursuant to the said March 2015 Oral Agreement and Commission Agreement.

65. On or around March 20, 2015, Plaintiff completed two wire transfers to Defendants for a total of $212,035.00 in full performance of and pursuant to the parties' March 2015 Oral Agreement and Commission Agreement.

66. By reason of Defendants' breach and Plaintiff's full performance under the March 2015 Oral Agreement and Commission Agreement, Plaintiff has suffered damages in the amount of at least $212,035.00.

67. By virtue of Defendants' total breach and Plaintiff's full performance under the agreements, Plaintiff should have been at least the owner of record of the two cars.

68. By reason of Defendants' total breach and Plaintiff's full performance, Plaintiff seeks a declaratory judgment stating as follow:

- That Defendants breached the March 2015 Agreement and Commission Agreement; and

- That Plaintiff is the legitimate title owner of the two cars--a 2015 Mercedes Benz GL450 (VIN 4JGDF6EE2FA563413) and a 2015 Land Rover Range Rover (VIN SALGS2VFXFA207203).

**WHEREFORE**, Plaintiff prays for a judgment against defendants jointly and severally as follows:

(1) On all Causes of Action (First through Twelfth), relief to Plaintiff of the following:

    a) An award to Plaintiff his actual damages in an amount not less than $212,035.00 or a sum to be determined at trial, or alternatively an injunction/specific

performance ordering Defendants to deliver to Plaintiff two new cars of identical year, models, and makes with identical features; and

b) Interests accrued and expenses and costs incurred of this action, including attorney's fees; and

(2) On the Second, Third, Sixth, Seventh, Eighth, Ninth Tenth, and Eleventh Causes of Action, an award of punitive damages to punish and deter recurrence of wrongdoings in an amount not less than $636,105.00 or a sum to be determined at trial; and

(3) On the Twelfth Cause of Action, a declaratory judgment that Defendants breached the March 2015 Oral Agreement and Commission Agreement; and that Plaintiff is the legitimate title owner of the two cars--2015 Mercedes Benz GL450 (VIN 4JGDF6EE2FA563413) and a 2015 Land Rover Range Rover (VIN SALGS2VFXFA207203).

(4) Such other and further relief as the Court may deem just and reasonable.

Dated: March 27, 2017
New York, New York

                                  Pierce & Kwok, LLP

By:   Aaron Pierce, Esq.
*Attorneys for Plaintiff*
253 Church St, Suite 4A
New York, NY  10013
(212) 882-1752

# VERIFICATION

STATE OF NEW YORK     )
                      )ss
COUNTY OF NEW YORK () Queens

**QIYUAN SHI**, being duly sworn, deposes and states the following:

That I am the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof. The contents of the Verified Complaint are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____QI YUAN SHI._____
QIYUAN SHI

Subscribed and sworn to or affirmed before me this

27 day of March, in year 2017.

_____
Notary Public
WING TAK CHEUNG
NOTARY PUBLIC, State of New York
NO. 01CH6148924
Qualified in Queens County
Commission Expires July 3rd, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Case #: _____-CV-_____

---

QIYUAN SHI

                            **Plaintiff,**

- against -

ANDREW ASENSO GYAMERA;
CYNTHIA A. STEWART;
GASANDY VENTURES LLC;
CARS BY CYNTHIA L.L.C.;
JOHN DOE, a/k/a JOHN BARON ROYAL;
and JANE DOE

                            **Defendants.**

---

**VERIFIED COMPLAINT**

---

**PIERCE & KWOK LLP**
*Attorneys for Plaintiff*
253 Church St., Suite 4A
New York, NY 11354
Tel: (212) 882-1752
Fax: (212) 882-1742
Email: aaron.pierce@piercekwok.com

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: March 27, 2017

                                                                         _____
                                                                         Aaron Pierce, Esq.